# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL BUTLER, | Civil Action No. 2: 13-cv-0532 |
| Plaintiff, | |
| v. | United States District Magistrate Cynthia Reed Eddy |
| SUPERINTENDENT BRIAN THOMPSON, MS. ADAMS, Unit Manager; CAPT. WHITE, MR. SPEERS, Counselor; MR. APPLEGARTH, Counselor; and DEPUTY MAHLMEISTER; Dept. of Corrections, S.C.I. Mercer, | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

Presently pending is the Motion to Dismiss filed by Defendants, with brief in support (ECF Nos. 22 and 23) and the response in opposition filed by Plaintiff (ECF No. 27). For the reasons that follow, the Motion will be granted in its entirety.[1]

### Factual Background

Plaintiff, Michael Butler, is a state prisoner committed to the custody of the Pennsylvania Department of Corrections and at all times relevant to this lawsuit was incarcerated at SCI-Mercer.[2] This action was initiated by Plaintiff on April 12, 2013, by the filing of a prisoner civil rights Complaint. (ECF No. 1). However, because the Complaint was received with no filing fee or an *in forma pauperis* motion, the case was closed. On April 17, 2013, Plaintiff filed a motion

---

[1] All parties have consented to jurisdiction by the undersigned Magistrate Judge. *See* 28 U.S.C. § 636 et seq.; Consent to Trial / Jurisdiction by United States Magistrate Judge (ECF Nos. 24 and 28).

[2] On July 12, 2013, Plaintiff notified the Court that he had been transferred to SCI-Forest, in Marienville, PA.

1

for leave to proceed *in forma pauperis* and the case was thereafter reopened and the Complaint filed. Named as Defendants are Superintendent Brian Thompson; Ms. Adams, Unit Manager; Capt. White; Mr. Speers, Counselor; Mr. Applegarth, Counselor; Deputy Superintendent Mahlmeister; Dept of Corrections, and S.C.I. - Mercer.[3]

The factual background is not in dispute. From August - November 2012, inclusive, Plaintiff was given four (4) orders to transfer to Lawrence County Jail and on each occasion, Plaintiff refused, stating that he could not transfer to the Lawrence County Jail because it lacked legal resources that would hinder his pursuit of other lawsuits and because he had enemies at that institution. On three of the four occasions, Plaintiff was issued a misconduct for refusing to follow a direct order. Plaintiff's first misconduct resulted in a sanction of 20 days cell restriction and the second misconduct resulted in a sanction of 30 days in disciplinary custody ("DC") in the restricted housing unit. Plaintiff's third misconduct was dismissed after his misconduct hearing as the hearing officer found that while Plaintiff had been "asked" to transfer, he had not been given a direct order to do so. Plaintiff was not issued a misconduct after the fourth incident because, according to the Compliant, the contract between

---

[3] It is unclear if Plaintiff is attempting to assert claims against the Department of Corrections and SCI-Mercer. They are listed as Defendants in the caption of the Complaint, but are not included in a list of defendants in the body of the Complaint and are not the subject of any allegations. To the extent Plaintiff is attempting to assert any claims against the Department of Corrections or SCI-Mercer, those claims are barred by the Eleventh Amendment to the United States Constitution. *Kentucky v. Graham*, 473 U.S. 159, 165-67 (1985); *Pennhurst State School & Hospital v. Haldeman*, 465 U.S. 89 (1984). As an agency of the Commonwealth, the Department of Corrections is immune to suit in federal court pursuant to the Eleventh Amendment. *Steele v. Pennsylvania*, 2009 WL 614800, *8 (W.D.Pa. 2009). Finally, the Department of Corrections and SCI-Mercer, as an agency and a constituent part of an agency of the Commonwealth are not "persons" as defined under § 1983 and thus, cannot be sued under that statute. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989).

SCI-Mercer and the Lawrence County Jail was set to expire in January 2013, and thus, Plaintiff, was never transferred to the Lawrence County Jail.

The Complaint alleges that the actions of Defendants Adams, Speers, and Applegarth constituted retaliation and abuse of power violating Plaintiff's rights under the Eighth Amendment; that the actions of Defendants Thompson, Mahlmeister, and White allowed and/or witnessed the illegal actions of Adams, Speers, and Applegarth and encouraged them to continue their illegal actions; and that all of the Defendants conspired to violate 42 Pa. C.S. § 9762, which in Plaintiff's opinion prohibits state prisoners with longer than a five year sentence from being transferred to a county jail.[4] Plaintiff seeks relief in the form of a declaration that his rights were violated, an injunction ordering Defendants to remove his misconducts from his prison record, and compensatory and punitive damages.

Defendants filed the instant Motion to Dismiss, with brief in support, in which they seek to have Plaintiff's claims dismissed with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6). By Order of October 3, 2013, Plaintiff was given leave to either file an amended complaint in this action no later than November 5, 2013, and if he did not desire to file an amended complaint, Plaintiff was ordered to file a response in opposition to Defendants' motion to dismiss no later than November 5, 2013.

On November 4, 2013, Plaintiff filed a document entitled "Amended Complaint," but upon review it appeared to the Court that the "Amended Complaint" was in fact a response to Defendants' motion to dismiss (ECF No. 27). On November 5, 2013, Plaintiff was ordered that on or before November 18, 2013, he should either file one stand alone document entitled "Amended Complaint" which contained all of his claims or file a response to the pending Motion

---

[4] Plaintiff is serving a 16-32 year sentence.

3

to Dismiss. *See* Text Order of November 5, 2013. To date, Plaintiff has not complied with the Court's Order. Accordingly, the Court will deem the "Amended Complaint" as Plaintiff's Response in opposition to the pending motion to dismiss. The matter is ripe for disposition.

**Standard of Review**

A.  <u>Pro Se Litigants</u>

Pro se pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner,* 404 U.S. 519, 520–521 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or the litigant's unfamiliarity with pleading requirements. *Boag v. MacDougall*, 454 U.S. 364 (1982); *United States ex rel. Montgomery v. Bierley,* 141 F.2d 552, 555 (3d Cir.1969) (petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance").

In a section 1983 action, the court must liberally construe the pro se litigant's pleadings and "apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name." *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002) (quoting *Holley v. Dep't of Veteran Affairs*, 165 F.3d 244, 247–48 (3d Cir. 1999)).[5] *See also Nami v. Fauver,* 82 F.3d 63, 65 (3d

---

[5]  The Court of Appeals for the Third Circuit has explained the liberal construction of pro se pleadings, as follows:

> The federal rules do not adhere to the ancient principle that a pleading must be construed most strongly against the pleader. Nor do the federal courts require technical exactness or draw refined inferences against the pleader; rather, they make a determined effort to understand what he is attempting to set forth and to construe the pleading in his favor, whenever justice so requires. This is particularly true when a court is dealing with a complaint drawn by a layman unskilled in the law. In these cases, technical deficiencies in the complaint will be treated leniently and the entire pleading will be scrutinized to determine if any legally cognizable claim can be found within it.

Cir. 1996) ("Since this is a § 1983 action, the [pro se] plaintiffs are entitled to relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution.") (quoting *Higgins,* 293 F.3d at 688). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. *Gibbs v. Roman,* 116 F.3d 83 (3d Cir. 1997). *See, e.g., Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir.1996) (discussing Fed.R.Civ.P. 12(b)(6) standard); *Markowitz v. Northeast Land Co.,* 906 F.2d 100, 103 (3d Cir. 1990) (same). Notwithstanding this liberality, pro se litigants are not relieved of their obligation to allege sufficient facts to support a cognizable legal claim. *See, e.g., Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378, (5th Cir. 2002).

Because Plaintiff is a pro se litigant, this Court may consider facts and make inferences where it is appropriate.

B. <u>Motion to Dismiss Pursuant to Rule 12(b)(6) - The Legal Standard</u>

A motion to dismiss pursuant Rule 12(b)(6) challenges the legal sufficiently of the complaint. When reviewing a motion to dismiss, the Court must accept all well-pleaded facts and allegations, and must draw all reasonable inferences therefrom in favor of the plaintiff. *Burtch v. Milberg Factors, Inc.,* 62 F.3d 212, 220 (3d Cir. 2011), *cert. denied,* -- U.S. --, 131 S. Ct. 1861 (2012) (citing *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010)). However, as the Supreme Court of the United States made clear in *Bell Atlantic Corp. v. Twombly*, such "[f]actual allegations must be enough to raise a right to relief above the speculative level." 550 U.S. 554, 555 (2007). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that, while the Complaint need not contain detailed factual allegations, it must contain more than a

---

*Lewis v. Attorney General of U.S.,* 878 F.2d 714, 722 (3d Cir. 1989) (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1286, at 381-84 (1969)).

"formulaic recitation of the elements" of a constitutional claim and must state a claim that is plausible on its face) (quoting *Twombly*, and providing further guidance on the standard set forth therein).

To determine the legal sufficiency of a complaint after *Twombly* and *Iqbal,* the United States Court of Appeals for the Third Circuit instructs that a district court must make a three-step approach when presented with a motion to dismiss for failure to state a claim. *Santiago v. Warminster Twp.,* 629 F.3d 121, 130 n.7 (3d Cir. 2010) (noting that although *Iqbal* describes the process as a "two-pronged approach," it views the case as outlining three steps) (citing *Iqbal*, 556 U.S. at 675). First, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim." *Id.* at 130 (quoting *Iqbal,* 556 U.S. at 675) (alteration in original). Second, the court "should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (quoting *Iqbal,* 556 U.S. at 679). Third, '"where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'" *Id*. (quoting *Iqbal,* 556 U.S. at 679).

Courts generally consider the allegations of the complaint, attached exhibits, and matters of public record in deciding motions to dismiss. *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.,* 998 F.2d 1192, 1196 (3d Cir. 1993). Factual allegations within documents described or identified in the complaint also may be considered if the plaintiff's claims are based upon those documents. *Id.* (citations omitted). In addition, a district court may consider indisputably authentic documents without converting a motion to dismiss into a motion for summary judgment. *Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004); *Lum v. Bank of America*, 361 F.3d 217, 222 (3d Cir. 2004) (in resolving a motion to dismiss pursuant to Rule 12(b)(6), a court

generally should consider "the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim.").[6]

Moreover, the United States Court of Appeals for the Third Circuit has held that, in civil rights cases, a court must give a plaintiff the opportunity to amend a deficient complaint - regardless of whether the plaintiff requests to do so - when dismissing a case for failure to state a claim, unless doing so would be inequitable or futile. See *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.,* 482 F.3d 247, 251 (3d Cir. 2007).

## Discussion

A.  <u>Claims Brought Under the Fourteenth Amendment - Due Process Clause</u>

"Due process" is guaranteed through the Fourteenth Amendment to the United States Constitution. The pertinent language of the Amendment provides as follows:

> Section 1. All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; *nor shall any State deprive any person of life, liberty, or property, without due process of law*; nor deny to any person within its jurisdiction the equal protection of the laws.

U.S. Const. Amend. XIV, § 1 (emphasis added). In general, the Due Process Clause was promulgated to secure the individual from the arbitrary exercise of the powers of government.

1.  *Procedural Due Process[7]*

The procedural aspect of the Due Process Clause guarantees the availability of certain

---

[6] All misconducts and grievances referenced by Plaintiff in his Complaint are attached as Exhibits to the Complaint. (ECF No. 7).

[7] Plaintiff alleges that Defendants violated his Eighth Amendment rights by issuing him misconducts and placing him in the RHU for refusing to transfer to the Lawrence County Jail. Although Plaintiff has brought this claim under the Eighth Amendment, the claim is more properly stated as a claim that Defendants violated Plaintiff's due process rights under the Fourteenth Amendment rather than his Eighth Amendment rights.

procedural mechanisms, typically the right to notice and a hearing, before the government can deprive an individual of a liberty or property interest. To establish a procedural due process violation, a person must demonstrate that he has been deprived of a constitutionally-protected property or liberty interest. *Daniels v. Williams*, 474 U.S. 327, 339 (1986). If a person does not have a constitutionally-protected interest, he or she is not entitled to the procedural protections afforded by the Due Process Clause.

A constitutionally-protected interest may arise either from the Due Process Clause itself, or from a statute, rule, or regulation. *Hewitt v. Helms*, 459 U.S. 460, 466 (1983). In particular, "States may under certain circumstances create liberty interests which are protected by the Due Process Clause. But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

As Defendants correctly point out, it has long been held that an inmate has no constitutional right to placement in any particular correctional institutional or in any particular section within an institution. *See Olim v. Wakinekona*, 461 U.S. 238, 245 n.9 (1983); *Young v. Quinlan*, 960 F.2d 351, 358 n. 16 (3d Cir. 1992); *Flanagan v. Shively*, 783 F. Supp. 922 (M.D.Pa.), *aff'd,* 980 F.2d 722 (3d Cir. 1992). Furthermore, "Pennsylvania code clearly states that an inmate does not have a right to be housed in a particular facility." *See Jerry v. Williamson*, 211 F. App'x 110, 112 (3d Cir. 2006) (citing 37 Pa. Code § 93.11(a)). Moreover, pursuant to 61 Pa. Const. Stat. § 1151(a), "The secretary or his designee may transfer inmates in the State correctional institution system to the jurisdiction of a county correctional institution

system upon such terms and conditions that the secretary or his designee and the chief administrator of the county correctional institution determine to be in the best interests of the Commonwealth."

To the degree that Plaintiff is aiming to state a claim on the grounds of his planned transfer to Lawrence County Jail, the Court finds that the allegations of the Complaint are facially deficient because Plaintiff cannot support a claim based upon a violation of his procedural due process rights.[8] *See D'Amario v. Zenk*, 131 F. App'x 381, 382-83 (3d Cir. 2005) (where the Court of Appeals summarily affirmed the district court's finding that the prisoner "could show no entitlement to be housed in the facility of his choice" and that such a determination was entirely within the discretion of the Department of Corrections); *Henderson v. Thomas*, 2012 WL 4434750 (M.D.Pa. 2012) (*citing Montanye v. Haymes*, 427 U.S. 236 (1976)) ("It is well established that the United States Constitution does not confer any right upon an inmate to any particular custody or security classification.")

Because Plaintiff's due process rights under the Fourteenth Amendment were not implicated either by his planned transfer to Lawrence County Jail or by his placement in disciplinary custody for refusing the transfer, Plaintiff's due process claims will be dismissed.

---

[8] The Court recognizes that due process applies when a prisoner is subjected to "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Griffin v. Vaughn*, 112 F.3d 703 (3d Cir. 1997) (citing *Sandin v. Connor*, 515 U.S. 472 (1995)). The United States Court of Appeals for the Third Circuit has held that confinement in administrative custody for eight (8) years implicates a liberty interest because such a long period of confinement is atypical. *Shoats v. Horn*, 213 F.3d 140, 143 (3d Cir. 2000). However, stays of 15 months in administrative custody, 7 months in administrative custody, 75 days in disciplinary custody, or 120 days in the more restrictive long term segregation unit have been held to be common incidents of prison life that do not trigger any liberty interest. *See Griffin*, 112 F.3d at 708 (3d Cir. 1997); *Smith v. Mensinger*, 293 F.3d 641, 652 (3d Cir. 2003); *Abney v. Walker*, 2007 WL 1454265 at *2-3 (W.D.Pa. 2007). The Court finds and rules that the approximately two (2) months Plaintiff spent in disciplinary custody constituted a normal incident of prison life that did not as a matter of law trigger any liberty interest.

2. *Substantive Due Process*

The constitutional right to "substantive due process" protects individuals against arbitrary governmental action, regardless of the fairness of the procedures used to implement them.[9] The Supreme Court has declined to set forth a precise rule that defines the scope of impermissible "arbitrary" conduct for purposes of applying the substantive component of the Due Process Clause. Nonetheless, the Court clarified that governmental conduct does not violate a person's substantive due process rights unless it amounts to an abuse of official power that "shocks the conscience." *County of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998).

The allegations of the Complaint contain nothing to show that any of the Defendants' actions rise to a constitutional shocking level. Plaintiff does not allege that he was disciplined based on unconstitutional criteria such as his race, religion, or ethnicity. Moreover, the periods of disciplinary custody at issue were so brief as to be inconsequential within a prison setting, and certainly do not shock the conscience. Thus, Plaintiff's claims of "abuse of power" will be dismissed.

B. <u>Claims Brought Under The Eighth Amendment</u>

Plaintiff also appears to argue that his Eighth Amendment rights were violated because Defendants "wrote me up on numerous times based on an event that wasn't scheduled . . . ." and that his time in the RHU constituted "cruel and unusual punishment against both US and Pennsylvania Constitution." *See* Amended Complaint at 1-2.

Pennsylvania courts have unanimously found that confinement in restrictive housing conditions, without more, does not violate the Eighth Amendment. *Ball v. Beard*, 2011 WL

---

[9] *See also Collins v. Harker Heights*, 503 U.S. 115, 126 (1992) (the Due Process Clause was intended to prevent government officials from abusing power, or employing it as an instrument of oppression); *Wolff v. McDonnell*, 418 U.S. 539, 558 (1974) ("The touchstone of due process is protection of the individual against arbitrary action of government.").

10

1304621 at *3 (M.D.Pa. 2011) (citing *Griffin v. Vaughn*, 112 F.3d 703 (3d Cir. 1997) (holding that the restrictive conditions in administrative custody in the Pennsylvania state correctional institutions, in and of themselves, do not violate the Eighth Amendment.)) Therefore, the Court finds and rules that Plaintiff's Eighth Amendment claims regarding his confinement in disciplinary custody must be dismissed.

C.   Claims Alleging Civil Conspiracy

To demonstrate the existence of a conspiracy under § 1983, "a plaintiff must show that two or more conspirators reached an agreement to deprive him or her of a constitutional right under color of law." *Laurensau v. Romarowics*, 528 F. App'x 136 (3d Cir. 2013) (internal citations omitted). "A bare assertion of conspiracy will not suffice." *Great Western Mining & Mineral Co. v. Fox Rothschild LLP,* 615 F.3d 159, 178 (3d Cir. 2000) (quoting *Twombly*, 550 U.S. at 556). Rather, the plaintiff must allege facts from which one can reasonably infer that the defendants reached an agreement to deprive him of a constitutional right under color of law. *Parkway Garage, Inc. v. City of Phila.,* 5 F.3d 685, 700 (3d Cir. 1993), *overruled on other grounds, U.A. Theatre Circuit, Inc. v. Twp. of Warrington*, 316 F.3d 392 (3d Cir. 2003).

Here, because Plaintiff has failed to establish the violation of any of his federal rights, he cannot, *a fortiori,* establish a civil conspiracy under Section 1983 because such requires the commission of an underlying federal civil rights violation, which Plaintiff has failed to establish. *In re Orthopedic Bone Screw Products Liability Litigation*, 193 F.3d 781, 789 (3d Cir. 1999) ("[O]ne cannot sue a group of defendants for conspiring to engage in conduct that would not be actionable against an individual defendant.").

Furthermore, Plaintiff alleges that Defendants conspired to violate 42 Pa.C.S. § 9762 by deciding to transfer him, a prisoner with a greater than five-year maximum sentence, to the

Lawrence County Jail. Plaintiff's claim fails for the following reasons. While Section 9762(a)(1) clearly provides that all persons sentenced to a total or partial confinement for maximum terms of five or more years shall be committed to the Department of Corrections for confinement, the statute says nothing about whether a prisoner may be temporarily transferred to another institution after that commitment or to what type of institution a prisoner may be transferred if a transfer is permissible. More importantly, however, is another statute, 61 Pa.C.S. § 1151(a) which specifically permits prisoners committed to the Department of Corrections to be transferred to serve their sentences in county jails:

> The secretary or his designee may transfer inmates in the State correctional institution system to the jurisdiction of a county correctional institution system upon terms and conditions that the secretary or his designee and the chief administrator of the county correctional institution determine to be in the best interests of the Commonwealth.

Because transferring Plaintiff to the Lawrence County Jail would have been a lawful act done by lawful reasons for a lawful purpose, the primary element of a claim for conspiracy cannot be met and this claim must be dismissed.

D.   Claims Alleging Retaliation

"Retaliation for the exercise of a constitutionally protected right is itself a violation of rights secured by the Constitution . . . ." *White v. Napoleon*, 897 F.2d 103, 111-12 (3d Cir. 1990). To establish a section 1983 retaliation claim, a plaintiff bears the burden of satisfying three (3) elements, *to wit:* that (1) he engaged in a constitutionally protected activity; (2) he suffered, at the hands of a state actor, adverse action "sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights;" and (3) the protected activity was a substantial or motivating factor in the state actor's decision to take adverse action. *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001).

Through his Complaint, Plaintiff alleges that Defendants Adams, Speers, and Applegarth retaliated against him and that the other Defendants did nothing to stop this conduct. See ¶¶ 33, 34 of the Complaint. However, the Complaint is void of any allegations which reflect that Plaintiff was engaged in constitutionally protected activity. The Complaint only states that Plaintiff was given misconducts and placed in the RHU because he refused several orders to transfer to the Lawrence County Jail. The Complaint contains no allegations which would support the basis for any retaliation claim.

The Court finds that Plaintiff's bare allegations of retaliation without more are implausible and conclusory. The factual allegations simply do not "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Thus, the Complaint fails to satisfy the necessary elements to support a retaliation claim.

E.     <u>Claims Against Defendants Superintendent Thompson and Deputy Superintendent Mahlmeister</u>

The only factual allegations against Defendants Thompson and Mahlmeister are that "by allowing and/or witnessing the illegal actions of the Defendants, and encouraging the continuation of the afore-said misconduct," Defendants violated Plaintiff's rights under the Eighth Amendment. Complaint, at ¶ 34. The Complaint further states that Plaintiff spoke to Defendants Thompson and Mahlmeister and asked for a copy of the DOC's transfer criteria and that Defendant Thompson told him not to bother him.[10] *Id*. at ¶ 18.

---

[10]     Plaintiff also alleges that Defendant Thompson denied his grievance appeal, but does not appear to assert any causes of action based on the denial. Even if he had asserted such a claim, it would fail as a matter of law because a prison official's response or lack thereof to an inmate's administrative remedies is not sufficient, alone, to hold the official liable in a civil rights action. The law is well-settled that there is no constitutional right to a grievance procedure. *See Jones v. North Carolina Prisoners' Labor Union, Inc.*, 433 U.S. 119 (1977); *Rode v. Dellarciprete*, 845 F.2d 1195, 1208 (3d Cir. 1988)..

13

To establish personal liability against a defendant in a § 1983 action, that defendant must have personal involvement in the alleged wrongs. Liability can only be imposed if that official played an "affirmative part" in the complained-of misconduct. *Chinchello v. Fenton*, 805 F.2d 126, 133 (3d Cir. 1986).

The Complaint provides no adequate description of how Defendants Thompson and Mahlmeister allegedly violated Plaintiff's constitutional rights. Rather, the Complaint only sets forth vague averments which fail to sufficiently set forth a constitutional claim. Accordingly, Defendants' request for dismissal on the basis of failure to allege personal involvement will be granted with respect to Defendants Thompson and Mahlmeister.

F.     Claims Against Defendant White

Under the PLRA, "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA itself does not have a "name all defendants" requirement. *Byrd v. Shannon*, 715 F.3d 117, 127 (3d Cir. 2013) (citing *Jones v. Bock*, 549 U.S. 199, 217 (2007)). However, the United States Court of Appeals for the Third Circuit has found that where the inmate fails to specifically name the individual in the grievance or where the grievance is untimely or otherwise defective, claims against an accused individual are procedurally defaulted. *Spruill v. Gillis*, 372 F.3d at 234. *See Woodford v. Ngo*, 548 U.S. at 90-91 (exhaustion of administrative remedies under the PLRA requires "using all steps that the agency holds out," and "demands compliance with an agency's deadlines and other critical procedural rules.")

Attached to the Complaint is Plaintiff's grievance. See Exhibit 1, Complaint (ECF No. xx). The grievance does not mention Defendant White, a security captain at SCI-Mercer..

14

Therefore, the Court finds that Plaintiff has procedurally defaulted with regard to any claims against Defendant White and all claims against Defendant White will be dismissed.

G.      Leave to Amend

If a civil rights complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile. *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004). A district court must provide the plaintiff with this opportunity even if the plaintiff does not seek leave to amend. *Id.*

Given that the Court has already provided Plaintiff with an opportunity to amend, (*see* ECF No. 25), the Court is not required to provide him with further leave to amend as further amendment would be futile. *Shelley v. Patrick*, 481 F. App'x 34, 36 (3d Cir. 2012).

For the reasons discussed *supra*, the Court will not grant Plaintiff leave to amend as it would be futile.

**Conclusion**

For all the foregoing reasons, the Motion to Dismiss filed by Defendants will be granted. An appropriate Order follows.

**AND NOW**, this 13th day of February, 2014,

It is hereby **ORDERED** that the Motion to Dismiss filed by Defendants is **GRANTED** in its entirety.

**IT IS FURTHER ORDERED** that the Clerk of Court mark this case **CLOSED.**

15

**AND IT IS FURTHER ORDERED** that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, Plaintiff has thirty (30) days to file a notice of appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure.

*s/Cynthia Reed Eddy*
Cynthia Reed Eddy
United States Magistrate Judge

cc: MICHAEL BUTLER
HY1123
SCI Forest
PO Box 945
Marienville, PA 16239

Timothy Mazzocca
Office of Attorney General
Email: tmazzocca@attorneygeneral.gov